UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-cv-00330-LJM-DML |
| | ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## Order on Defendant's Motion to Stay Discovery

Defendant International Business Machines Corporation ("IBM") has moved (Dkt. 78) the court to stay merits discovery in this case because of a ruling governing discovery in another case. In that other case—brought as a class action—the court has bifurcated class certification and pure merits discovery pending the ruling on the plaintiffs' motion for class certification. *See Bowman et al. v. IBM et al.,* Case No. 1:11-cv-0593 RLY-TAB ("*Bowman*"). The *Bowman* plaintiffs claim IBM mishandled the administration of Indiana Medicaid benefits in ways similar, although not identical, to the complaints by the plaintiffs in this case. The plaintiffs in this case—Melissa Gibson, individually, and as next friend for her daughter Brittany Anderson ("Brittany")—are represented by the same counsel who represents the putative class in *Bowman*. In addition, Mrs. Gibson is a named plaintiff in *Bowman*, solely in a representative capacity as next friend of another of her daughters, Courtney Anderson, who is Brittany's sister.

IBM's sole ground for its request for a stay of discovery in this case is its concern that counsel for Mrs. Gibson and Brittany will use this case improperly to gather discovery appropriate only in the *Bowman* case and thus do an end-run around the court's discovery bifurcation order in *Bowman*.

The court finds that IBM has not shown good cause for a general stay of discovery in this case, and its motion is therefore DENIED.

## Factual Background for the Two Cases

### Brittany Anderson's Claims in this Case and Procedural History

Brittany and her mother filed this suit on February 26, 2010, in Marion Superior Court. IBM removed it to this court on March 19, 2010.  The plaintiffs allege that IBM mishandled Brittany Anderson's applications for Medicaid benefits and appeals of denials of benefits and repeatedly misinformed Brittany's mother (Mrs. Gibson) about the applications and appeals. Brittany's benefits were terminated on March 1, 2008, and were not reinstated until October 2009.  Brittany claims that her benefits unlawfully were terminated when she turned 19 even though she should have continued to receive benefits while she attempted to appeal the termination, and even though she would have continued to qualify for Medicaid benefits as an adult.  She asserts that IBM's conduct caused the alleged unlawful termination of her benefits, and that IBM is liable to her under 42 U.S.C. § 1983 and under a state law negligence theory. Brittany claims that, deprived of Medicaid benefits between March 2008 and October 2009, she suffered an overall decline in her health, suffered from traumatic health events, sustained severe and permanent personal injuries, incurred medical expenses she could not pay, and lost educational opportunities.  She seeks compensatory and punitive damages and attorneys' fees.

On November 30, 2010, the court approved the parties' proposed case management plan and entered it as an order of the court.  (Dkt. 38).  That plan reflects the parties' agreement to the typical, ordinary provisions governing discovery deadlines included in this court's uniform case management plan.  (*See* Dkt. 36).   Later, on August 8, 2011, the parties submitted a joint proposed amended case management plan and it too reflects their agreement to the typical,

ordinary provisions setting discovery deadlines, including a deadline of March 30, 2012, for non-expert witness discovery and July 16, 2012, for expert witness discovery. (Dkt. 76).[1] Two weeks later, IBM filed the present motion to stay merits discovery pending the class certification ruling in the *Bowman* case and, if a class is certified, Brittany's decision to opt out of the *Bowman* class.

### The *Bowman* Case and Its Procedural History

The *Bowman* case was filed in Marion Superior Court on April 1, 2011, more than a year after this case, and was removed to this court on May 4, 2011.  It seeks damages on behalf of a putative class of thousands of Medicaid beneficiaries who the plaintiffs claim suffered unlawful terminations of benefits because of policies or procedures implemented by IBM and the other defendants while they—under contracts with the state of Indiana and among themselves—administered portions of Indiana's Medicaid program.  The *Bowman* plaintiffs' claims are brought under 42 U.S.C. § 1983, state law negligence theory, and breach of contract.  The *Bowman* plaintiffs allege that (a) their due process rights were violated when their benefits were terminated despite a timely request for an appeal from a decision to terminate benefits and (b) when a Medicaid beneficiary became ineligible for the category of benefits he or she was receiving, the defendants wrongfully terminated those benefits before investigating and developing the evidence regarding the beneficiary's eligibility for benefits under another category.

---

[1] The court also notes that IBM agreed to this schedule *after* Magistrate Judge Baker had issued his order in *Bowman* bifurcating class discovery and merits discovery.  *See Bowman* Dkt. 59 (August 3, 2011).

## Analysis

Rule 26(c) allows the court, for good cause shown, to specify terms for discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense. . . ." *See also Semien v. Life Ins. Co. of North America,* 436 F.3d 805, 813 (7th Cir. 2006) (internal citations omitted) ("'well-settled that district courts enjoy broad discretion in controlling discovery'").

IBM has not met its burden of showing good cause for staying discovery. It does not identify any specific discovery requests in this case that impose an undue burden or expense, taking into account the discovery needs for this case, the amount in controversy, the importance of the discovery to the issues in the case, or any other factor that would demonstrate to the court that the burden of responding to any specific requests outweighs the likely benefit of the discovery. *See* Rule 26(b)(2)(C). IBM has shown only that some of the same discovery pertinent to the merits of Brittany's claims also has been requested in the *Bowman* case and is subject to the *Bowman* bifurcation order. That some discovery in the two cases may overlap does not render Brittany's discovery of her individual claims inappropriate or violative of the *Bowman* order. Contrary to IBM's characterization, it is not "heinous" for Brittany to seek and obtain discovery relevant to her claims (and consistent with the Rule 26(b)(2)(C) factors).[2]

---

[2] The cases cited by IBM in support of its request for a stay to prevent an end-run around the *Bowman* bifurcation order are readily distinguishable and thus not persuasive. *Vagle v. Spectranetics Corp.,* 2010 WL 3927813 (D. Colo. Oct. 6, 2010), involved federal securities fraud claims that would be subject to the PSLRA's Congressionally-imposed discovery stay upon the filing of a dismissal motion (that defendants intended to file) and plaintiffs who had tried three times to gain lead plaintiff status in the class case in which the court had enjoined all prosecution, including discovery, pending settlement approval proceedings. The *Vagle* court separately was determining whether the class action injunction was applicable to the plaintiffs and decided that comity considerations counseled in favor of a temporary stay while the separate motion to enforce the injunction was adjudicated. 2010 WL 3927813 at *2. All of these factors convinced the court that a stay was appropriate. *In re Ocwen Federal Bank FSB Mortgage*

This case is about one Medicaid beneficiary. The parties have not quantified the potential monetary recovery at issue or discussed the discovery that reasonably may be appropriate given the monetary stakes at issue and the legal issues in the case. The court is equipped to address any real or perceived abuses of the discovery process by Brittany, including imposing constraints where the burden or expense of requested discovery outweighs its likely benefit to this case, or where it appears the discovery has been formulated primarily to accomplish an end-run around Judge Baker's order in *Bowman.* And in that regard, the court notes that counsel have a significant number to issues to develop relating solely to Brittany's individual claims—how IBM processed *her* file, the alleged impact on *her* health, *her* alleged resultant medical expenses, and other diminutions in the quality of *her* life. Thus, the court encourages counsel to first direct their attention to these matters and cautions them that this court stands ready to curb blatant attempts to evade the *Bowman* order.

Two other arguments by IBM merit comment. First, IBM has characterized the issue presented by its motion as one of deference to Judge Baker's bifurcation order. That is not correct; nothing in Judge Baker's order purports to address this case or any discovery relevant to Brittany's individual claims. And, as emphasized in this order, should particular discovery requests served in this case stray from matters germane to Brittany's claims or if they are formulated to evade the *Bowman* bifurcation order, this court will address that question if and when it arises.

---

*Servicing Litigation,* 397 F. Supp. 2d 957 (N.D. Ill. 2005), involved a court's enjoining the pursuit of cases in other forums that were similar to the class action claims it was adjudicating in the context of multidistrict litigation, an order that likely would not survive the Supreme Court's decision last term in *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011).

Second, IBM has attempted to convince the court that permitting merits discovery in this case will create inefficiencies and duplication. That argument is overstated. IBM acknowledges that under the *Bowman* bifurcation order, discovery that is pertinent to both certification issues and merits issues will proceed in the first phase. Because the *Bowman* plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(3) and must therefore satisfy the predominance requirement, there may be some significant overlaps between certification and merits discovery in *Bowman*. For that reason, it is possible that discovery Brittany will seek in this case will be appropriate phase I discovery in *Bowman* anyway. In addition, just as Judge Baker concluded that dual purpose discovery should occur in phase I of *Bowman*, discovery in this case that serves the dual purposes of addressing the merits of Brittany's claims in this case as well as the certification or merits issues in *Bowman* should likewise not be delayed.

Tying the timing of merits discovery available to Brittany to the stay imposed in *Bowman* would require a change to the case management plan that was only recently agreed to by the parties and approved by the court. Moreover, this case was filed in February 2010—over a year before *Bowman*—and is brought by a disabled individual for whom, if she prevails on her claims, a timely remedy is potentially critical. Her counsel represents that even if a class is certified in *Bowman*, Brittany will opt out—and the court has no basis for doubting Brittany's intent, given the severity of the personal injuries she claims to have suffered.

Brittany is entitled to have her case treated individually and to have it move forward. IBM must address any perceived discovery abuses or problems on an individual basis as well.

## Conclusion

For the foregoing reasons, the court DENIES IBM's motion (Dkt. 78) for a partial stay of discovery.


So ORDERED.

Date: 09/22/2011

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Aaron D. Charfoos
KIRKLAND & ELLIS LLP
aaron.charfoos@kirkland.com

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Zachary D. Holmstead
KIRKLAND & ELLIS
300 North LaSalle Street
Chicago, IL 60654

Anna May Howard
SEVERNS & STINSON LAW FIRM
amh@severns.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP

lmartin@hooverhull.com

Steven D. McCormick
KIRLAND & ELLIS LLP
smccormick@kirkland.com

Scott Richard Severns
SEVERNS & ASSOCIATES
sseverns@severns.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com